UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81356-CIV-MARRA

FIRST SPECIALTY INSURANCE
CORPORATION,

Plaintiff,

vs.

GRS MANAGEMENT ASSOCIATES, INC.,
NAUTICA ISLES WEST HOMEOWNERS
ASSOCIATION, INC., and JEANNINE LE
and THYNG LE, individually and as parents
natural and legal guardians of THAILOR LE,
a minor,

Defendants.
_____/

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation,

Plaintiff,

vs.

NAUTICA ISLES WEST CONDOMINIUM
ASSOCIATION, INC., GRS MANAGEMENT
ASSOCIATES, INC. and JEANNINE LE
and THYNG LE, individually and as parents
natural and legal guardians of THAILOR LE,
a minor,

Defendants.

_____/

## <u>OPINION AND ORDER</u>

This cause is before the Court upon Plaintiff First Specialty Insurance Corporation's Motion to Strike Affirmative Defenses of Defendants Jeannine Le and Thyng Le, individually and as parents, natural and legal guardians of Thailor Le, a minor (DE 19); Defendant GRS Management Associates, Inc.'s Motion to Stay (DE 38); Defendant Nautica Isles West Homeowners Association, Inc.'s Motion to Dismiss or Stay Against Plaintiff First Speciality Insurance Corporation's Complaint and Plaintiff Philadelphia Indemnity Insurance Company's Complaint (DE 39) and Philadelphia Indemnity Insurance Company's Motion to Strike Affirmative Defenses or for a More Definite Statement (DE 60).

### I. Background

These declaratory judgment actions seek to determine the duty of two insurance carriers, First Specialty Insurance Corporation ("FSIC") and Philadelphia Indemnity Insurance Company ("PIIC"), to defend and indemnify with respect to claims which have been asserted against several entities in a state court action.  In that state court action, Jeannine Le and Thyng Le, individually and as parents, natural and legal guardians of Thailor Le, a minor, have filed suit against Nautica Isles West Homeowners Association, Inc. ("HOA") and GRS Management Associates, Inc. ("GRS").  In the underlying state case, the Les allege negligence relating to the maintenance of a community swimming pool for the Nautica Isles West community maintained by HOA and GRS[1] that resulted in injuries to the minor child.  (DE 1.) FSIC issued a commercial general liability policy to GRS (Ex. A, DE 1) and PIIC issued general liability policies to HOA and GRS (Ex. 1, DE 73).

---

[1] Another entity, Lighthouse Associates, Inc., has also been named in the underlying state case.

II. Motions to Stay

Both GRS and HOA seek to stay this action, claiming that the state court is the only appropriate forum in which the issues of liability and causation may be adjudicated.  In addition, GRS and HOA argue that the duty to indemnify is dependent on the outcome of the claims at the state trial level.

The Declaratory Judgment Act, 28 U.S.C. § 2201 states in pertinent part:

> (a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

The Supreme Court has held that "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112 (1962). "The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971).  "The purpose behind the Declaratory Judgment Act is to afford a [ ] form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Casualty Indem. Exch. v. High Croft Enter., 714 F. Supp. 1190, 1193 (S.D. Fla. 1989). The Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." See 10B C. Wright & A. Miller, Federal

3

Practice & Procedure, Civil 3d § 2751 (2004).

Here, the Court chooses to exercise its discretion to adjudicate this controversy. After careful consideration of the parties' arguments, the Court finds that a stay is inappropriate. There is no guarantee that the underlying state proceeding will resolve the causation question. FSIC and PIIC should not have to wait to litigate the issues pending in this case while another lawsuit proceeds for an uncertain period of time with no assurance that the critical issue will be resolved. For these reasons, the Court denies the motions to stay this case.

<u>III.  Motions to Strike</u>

Both FSIC and PIIC have moved to strike all four of Defendants Jeannine Le and Thyng Le's affirmative defenses.[2]  Rule 12(f) of the Federal Rules of Civil Procedure provides that "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law."  <u>Anchor Hocking Corp. v. Jacksonville Elec. Auth.</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  Generally, motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  <u>Carlson Corp./ Southeast v. School Bd. Of Seminole County</u>, 778 F. Supp. 518, 519 (M.D. Fla. 1991).  Therefore, affirmative defenses should only be stricken when they are insufficient on the face of the pleadings.  See <u>Anchor Hocking Corp.</u>, 419 F. Supp. at 1000.

---

[2] The affirmative defenses can be found at paragraphs 25-28 of DE 18 and paragraphs 30-33 of DE 45.

When the sufficiency of the defense depends upon disputed issues of fact or questions of law, a motion to strike an affirmative defense should not be granted.  See United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1984).

On the other hand, "weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money' in litigating issues which can be seen to have no bearing on the outcome."  See S.E.C. v. Weil, No. 79-440-Civ-T-H, 1980 WL 1417, at *1 (M.D. Fla. Feb. 7, 1980) (internal citation omitted).  Motions to strike will therefore be granted when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading.  See Glenside West Corp. v. Exxon Co., 761 F. Supp. 1100, 1114-15 (D.N.J. 1991).

With respect to the first affirmative defense, FSIC and PIIC argue that it is invalid as a matter of law.  The Le Defendants assert as an affirmative defense that FSIC and PIIC did not comply with Florida Statute § 627.4137.  That statute requires that an insurer disclose certain information to a "claimant."  The affirmative defense states that FSIC and PIIC did not provide this information to its "insured."  Because the defense as asserted is not consistent with the statute upon which it is based, the Court will strike this defense.  The Le Defendants are, however, granted leave to amend to change the word "insured" to "claimant."[3]

The second affirmative defense concerns compliance with Florida Statute § 627.426. With respect to this affirmative defense, FSIC and PIIC assert this statute that has no relevance in this action because it only applies when a defense to coverage exists and not when the coverage

---

[3] PIIC also argues that this affirmative defense "implies" an estoppel argument. (DE 60 at 3-4.)  However, the Le Defendants have not alleged estoppel as an affirmative defense.  Thus, the Court need not consider estoppel unless it is expressly asserted.

sought is expressly excluded under the policy.  Of course, this assertion presumes the cause of injury to the minor child will fall under the pollution exclusion or the fungi/bacteria exclusion of the insurance policy.  Although that is certainly FSIC and PIIC's position, at this stage in the proceeding, it is simply too early to make that determination.  Therefore, the Court will not strike this affirmative defense.

The third and fourth affirmative defenses allege that FSIC and PIIC have failed to comply with the statutory requirements of Florida Statutes § § 626.9541 and 624.155.  FSIC and PIIC are correct that section 626.9541 is a regulatory statute that does not create a private cause of action. See Keehan v. Carolina Casualty Ins. Co., 758 F.2d 1522 (11th Cir. 1985).  As such, a private party cannot enforce its provisions.[4]  See Florida Statutes § 626.951 (the purpose of the Unfair Insurance Trade Practices Act is to "to regulate trade practices relating to the business of insurance").  Thus, the third affirmative defense must be stricken.  Florida Statute § 624.155 is the bad faith statute, providing for civil remedies against insurers.  A bad faith action, however, does not "arise by way of an affirmative defense [but] . . . as a separate and divisible action once a court has determined the issue of coverage in favor of the insured or injured third-party." Continental Cas. Co. v. City of Jacksonville, 555 F. Supp. 2d 1312, 1336 (M.D. Fla. 2007), aff'd 283 Fed. Appx. 686 (11th Cir. 2008).  Hence, the Court strikes affirmative defense four.

---

[4] Given that this statute is regulatory and does not support a cause of action, the Court finds that this statute cannot give rise to an affirmative defense.  See, e.g., Network Signatures, Inc. v. Citibank, N.A., No. SAC 08-0718 DOC (RNBx), 2008 WL 5216032, at * 4 (C.D. Cal. Dec. 4, 2008) (when there is no private right of action under the Bayh-Dole Act, affirmative defenses based on enforcement of the provisions of Bayh-Dole Act are barred.); Inland Commercial Property Sales, Inc. v. Atlantic Associates, Inc., No. 90 C 1036, 1991 WL 278311, at * 4 (N.D. Ill. Dec. 18, 1991) (finding no private cause of action in the Illinois Real Estate License Act and therefore concluding that the affirmative defenses relating to this act must be stricken).

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Plaintiff First Specialty Insurance Corporation's Motion to Strike Affirmative Defenses of Defendants Jeannine Le and Thyng Le, individually and as parents, natural and legal guardians of Thailor Le, a minor (DE 19) is **GRANTED IN PART AND DENIED IN PART**.  The first affirmative defense may be amended **within ten days of the date of entry of this Order**.

2)      Defendant GRS Management Associates, Inc.'s Motion to Stay (DE 38) is **DENIED.**

3)       Defendant Nautica Isles West Homeowners Association, Inc.'s Motion to Dismiss or Stay Against Plaintiff First Speciality Insurance Corporation's Complaint and Plaintiff Philadelphia Indemnity Insurance Company's Complaint (DE 39) is **DENIED**.

4)      Philadelphia Indemnity Insurance Company's Motion to Strike Affirmative Defenses or for a More Definite Statement (DE 60) is **GRANTED IN PART AND DENIED IN PART**.  The first affirmative defense may be amended **within ten days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of July, 2009.

_____

KENNETH A.  MARRA
United States District Judge